**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | |
|---|---|
| DOMITILLA CONDE, individually and as parent, guardian, and next of friend for BILLY MOLINA, a Minor<br><br>Plaintiff,<br><br>v.<br><br>CITY OF PROVIDENCE and alias John Doe; City Treasurer Stephen T. Napolitano in his official capacity, and alias John Doe; Ms. Marylou Mancini, individually and in her official capacity as present and/or former Principal of GILBERT STUART MIDDLE SCHOOL, and alias Jane Doe; and Mr. Wayne Montague, individually and in his official capacity as present and/or former Assistant Principal of GILBERT STUART MIDDLE SCHOOL, alias John Doe; and Ms. Cynthia A. Robles, individually and in her official capacity as present and/or former Special Education Teacher for GILBERT STUART MIDDLE SCHOOL, alias Jane Doe<br><br>Defendants. | CIVIL ACTION<br><br>NO. 05-173ML |

**DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT**

**Count I**
**(Negligence)**

1. Defendants neither admit nor deny but are without knowledge or information sufficient to form an opinion as to the truth of the allegations contained in Paragraph 1 of Plaintiff's Complaint and leave Plaintiff to her proof thereof.

3

2. Defendants neither admit nor deny but are without knowledge or information sufficient to form an opinion as to the truth of the allegations contained in Paragraph 2 of Plaintiff's Complaint and leave Plaintiff to her proof thereof.

3. Defendants admit the allegations contained in Paragraph 3 of Plaintiff's Complaint as to Wayne Montague and Cynthia A. Robles.

4. Defendants admit the allegations contained in Paragraph 4 of Plaintiff's Complaint.

5. Defendants neither admit nor deny but are without knowledge or information sufficient to form an opinion as to the truth of the allegations contained in Paragraph 5 of Plaintiff's Complaint and leave Plaintiff to her proof thereof.

6. Defendants admit that Billy Molina was enrolled in a special education class but deny the characterization that he was a "special needs student."

7. Defendants deny generally and specifically the allegations contained in Paragraph 7 of Plaintiff's Complaint.

8. Defendants neither admit nor deny but are without knowledge or information sufficient to form an opinion as to the truth of the allegations contained in Paragraph 8 of Plaintiff's Complaint and leave Plaintiff to her proof thereof.

9. Defendants neither admit nor deny but are without knowledge or information sufficient to form an opinion as to the truth of the allegations contained in Paragraph 9 of Plaintiff's Complaint and leave Plaintiff to her proof thereof.

10. Defendants deny generally and specifically the allegations contained in Paragraph 10 of Plaintiff's Complaint.

11. Defendants deny generally and specifically the allegations contained in Paragraph 11 of Plaintiff's Complaint.

12. Defendants deny generally and specifically the allegations contained in Paragraph 12 of Plaintiff's Complaint.

13. Defendants deny generally and specifically the allegations contained in Paragraph 13 of Plaintiff's Complaint.

14. Defendants admit that "Billy" was in the class of Ms. Cynthia A. Robles. Defendants deny generally and specifically the remaining allegations contained in Paragraph 14 of Plaintiff's Complaint.

15. Defendants deny generally and specifically the allegation that Ms. Cynthia A. Robles "believed" that "Billy" "attempted or was going to attempt" to pull up the shirt of Ms. Robles: "Billy" actually touched the shirt. Defendants admit the remaining allegations contained in Paragraph 15 of Plaintiff's Complaint.

16. Defendants deny generally and specifically the allegations contained in Paragraph 16 of Plaintiff's Complaint regarding "Billy's" intent. Defendants admit the remaining allegations contained in Paragraph 16 of Plaintiff's Complaint.

17. Defendants deny generally and specifically the allegations contained in Paragraph 17 of Plaintiff's Complaint.

18. Defendants admit the allegations contained in Paragraph 18 of Plaintiff's Complaint.

19. Defendants admit the allegations contained in Paragraph 19 of Plaintiff's Complaint.

20. Defendants admit that on April 1, 2002, Ms. Robles "did make a certain discipline referral," and deny generally and specifically the remaining allegations contained in Paragraph 20 of Plaintiff's Complaint.

21. Defendants admit the allegations contained in Paragraph 21 of Plaintiff's Complaint.

22. Defendants deny generally and specifically the allegations contained in Paragraph 22 of Plaintiff's Complaint.

23. Defendants deny generally and specifically the allegations contained in Paragraph 23 of Plaintiff's Complaint.

24. Defendants do not understand this allegation.

25. Defendants deny generally and specifically the allegations contained in Paragraph 25 of Plaintiff's Complaint.

26. Defendants deny generally and specifically the allegations contained in Paragraph 26 of Plaintiff's Complaint.

27. Defendants neither admit nor deny but are without knowledge or information sufficient to form an opinion as to the truth of the allegations contained in Paragraph 27 of Plaintiff's Complaint and leave Plaintiff to her proof thereof.

28. Defendants deny generally and specifically the allegations contained in Paragraph 28 of Plaintiff's Complaint.

29. Defendants deny generally and specifically the allegations contained in Paragraph 29 of Plaintiff's Complaint.

30. Defendants deny generally and specifically the allegations contained in Paragraph 30 of Plaintiff's Complaint.

31. Defendants deny generally and specifically the allegations contained in Paragraph 31 of Plaintiff's Complaint.

32. Defendants neither admit nor deny but are without knowledge or information sufficient to form an opinion as to the truth of the allegations contained in Paragraph 32 of Plaintiff's Complaint and leave Plaintiff to her proof thereof.

33. Defendants deny generally and specifically the allegations contained in Paragraph 33 of Plaintiff's Complaint.

34. Defendants deny generally and specifically the allegations contained in Paragraph 34 of Plaintiff's Complaint.

35. Defendants deny generally and specifically the allegations contained in Paragraph 35 of Plaintiff's Complaint.

**Count II**
**(Res Ipsa Loquitor)**

36. Defendants reiterate and incorporate by reference their answers to Paragraphs 1 through 35 of Plaintiff's Complaint as if fully stated herein.

37. Defendants deny generally and specifically the allegations contained in Paragraph 37 of Plaintiff's Complaint.

38. Defendants deny generally and specifically the allegations contained in Paragraph 38 of Plaintiff's Complaint.

39. Defendants deny generally and specifically the allegations contained in Paragraph 39 of Plaintiff's Complaint.

40. Defendants deny generally and specifically the allegations contained in Paragraph 40 of Plaintiff's Complaint.

**Count III**
**(R.I.G.L. § 9-1-41 (c) )**
**(Loss of Child's Society and Companionship)**

41. Defendants reiterate and incorporate by reference their answers to Paragraphs 1 through 40, inclusive, of Plaintiff's Complaint as if fully stated herein.

42. Defendants neither admit nor deny but are without knowledge or information sufficient to form an opinion as to the truth of the allegations contained in Paragraph 42 of Plaintiff's Complaint and leave Plaintiff to her proof thereof.

43. Defendants admit the allegations contained in Paragraph 43 of Plaintiff's Complaint.

44. Defendants deny generally and specifically the allegations contained in Paragraph 44 of Plaintiff's Complaint.

**Count IV**
**(Article I Section 2 Deprivation of Rights and**
**Article I Section 8 Deprivation of Rights under the Rhode Island Constitution and Rights Guaranteed under the Constitution of the United States)**

45. Defendants reiterate and incorporate by reference their answers to Paragraphs 1 through 44 of Plaintiff's Complaint as if fully stated herein.

46. Defendants neither admit nor deny but are without knowledge or information sufficient to form an opinion as to the truth of the allegations contained in Paragraph 46 of Plaintiff's Complaint and leave Plaintiff to her proof thereof.

47. Defendants deny generally and specifically the allegations contained in Paragraph 47 of Plaintiff's Complaint.

48. Defendants deny generally and specifically the allegations contained in Paragraph 48 of Plaintiff's Complaint.

49. Defendants deny generally and specifically the allegations contained in Paragraph 49 of Plaintiff's Complaint.

50. Defendants deny generally and specifically the allegations contained in Paragraph 50 of Plaintiff's Complaint.

51. Defendants deny generally and specifically the allegations contained in Paragraph 51 of Plaintiff's Complaint.

52. Defendants deny generally and specifically the allegations contained in Paragraph 52 of Plaintiff's Complaint.

53. Paragraph 53 of Plaintiff's Complaint does not require a response from these Defendants.

WHEREFORE, Defendants pray that Plaintiff's Complaint be denied and dismissed, that judgment enter for these Defendants and that Defendants be granted their costs and attorneys fees.

Defendants,

By their Attorney,

JOSEPH M. FERNANDEZ
CITY SOLICITOR

Sara A. Rapport, (#6184)
Senior Assistant City Solicitor
City of Providence Law Department
275 Westminster Street Suite 200
Providence, Rhode Island 02903
(401) 421-7740 Ext. 333
(401) 351-7596 (Fax)

**CERTIFICATION**

I hereby certify that I mailed a true copy of the within to the Attorney of Record as listed below on this 27th day of April, 2005

Joseph-Anthony DiMaio, Esq.
McKinnon & Harwood
1168 Newport Avenue
Pawtucket, RI 02886

Carolyn M. Ranucci