STATE OF RHODE ISLAND AND PROVIDENCE PLANTATIONS PAGE 1
RHODE ISLAND JUDICIAL SYSTEMS AND SCIENCES DATE 04/26/2005
SUPERIOR COURT CIVIL INFORMATION SYSTEM

CA 05-173 ML

DOCKET EVENT LISTING

CASE NO.: PC2005 1036 TYPE PERSONAL INJURY
TITLE: DOMITILLA CONDE V CITY OF PROVIDENCE
FILING DATE: 03-02-2005 ASSIGNED TO TRIAL POOL:
DESIGNATED TO ARBITRATION:

| | | | |
|---|---|---|---|
| CITY OF PROVIDENCE | BDF | Unknown,Attorney | AOR |
| CONDE,DOMITILLA | PLF | DiMaio,Joseph Anthony | AOR |
| MANCINI,MARYLOU | DEF | Unknown,Attorney | AOR |
| MONTAGUE,WAYNE | DEF | Unknown,Attorney | AOR |
| NAPOLITANO,STEPHEN T | DEF | Unknown,Attorney | AOR |
| ROBLES,CYNTHIA A | DEF | Unknown,Attorney | AOR |

| DOC. ID. | DATE | JUDGE | OUTCOME | EFFECTIVE DATE |
|---|---|---|---|---|
| NM | 04-25-2005 | | | |
| NOTICE OF REMOVAL | | | | |
| NM | 04-25-2005 | | | |
| CASE REMOVED TO U.S. DISTRICT CT | | | | |

True Copy Attest
[signature]
Office of Clerk of Superior Court
Counties of Providence & Bristol
Providence, Rhode Island

UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | |
|---|---|
| DOMITILLA CONDE, individually and as parent, guardian, and next of friend for BILLY MOLINA, a Minor<br><br>Plaintiff,<br><br>v.<br><br>CITY OF PROVIDENCE and alias John Doe; City Treasurer Stephen T. Napolitano in his official capacity, and alias John Doe; Ms. Marylou Mancini, individually and in her official capacity as present and/or former Principal of GILBERT STUART MIDDLE SCHOOL, and alias Jane Doe; and Mr. Wayne Montague, individually and in his official capacity as present and/or former Assistant Principal of GILBERT STUART MIDDLE SCHOOL, alias John Doe; and Ms. Cynthia a. Robles, individually and in her official capacity as present and/or former Special Education Teacher for GILBERT STUART MIDDLE SCHOOL, alias Jane Doe<br><br>Defendants. | [redacted] 05 173ML<br><br>CIVIL ACTION<br><br>NO. ______________ |

FILED
APR 25 2005
U.S. DISTRICT COURT
DISTRICT OF RHODE ISLAND

NOTICE OF REMOVAL

The Defendants, the City of Providence, City Treasurer Stephen T. Napolitano, Marylou Mancini, Wayne Montague and Cynthia Robles (individually and collectively) (hereafter the "City"), by their undersigned attorneys, hereby provide notice of their removal of the above-captioned case from the Superior Court of the State of Rhode Island to the United States District Court for the District of Rhode Island pursuant to 28 U.S.C. § 1441(b) and 1446. Removal is proper for the following reasons:

True Copy Attest
Office of Clerk of Superior Court
Counties of Providence & Bristol
Providence, Rhode Island

SUPERIOR COURT
FILED
HENRY S. KINCH JR., CLERK

2005 APR 25 P 4:06

STATE OF RHODE ISLAND
PROVIDENCE, SC.

SUPERIOR COURT

DOMITILLA CONDE, individually and as parent, guardian, and next of friend for BILLY MOLINA, a Minor

VS.

CITY OF PROVIDENCE and alias John Doe

City Treasurer Stephen T. Napolitano in his official capacity, and alias John Doe

Ms. Marylou Mancini, individually and in her official capacity as present and/or former Principal of GILBERT STUART MIDDLE SCHOOL, and alias Jane Doe

Mr. Wayne Montague, individually and in his official capacity as present and/or former Assistant Principal of GILBERT STUART MIDDLE SCHOOL, alias John Doe

Ms. Cynthia A. Robles, individually and in her official capacity as present and/or former Special Education Teacher for GILBERT STUART MIDDLE SCHOOL alias Jane Doe, and

C.A. # 05-1036

**COMPLAINT**

**COUNT I**
(Negligence)

1) The Plaintiff, Domitilla Conde, is a resident of the City and County of Providence, and State of Rhode Island, and is the parent and natural guardian of the Plaintiff, Billy Molina;

2) At all material times, the Plaintiff, Billy Molina (hereafter "Billy"), born on August 29, 1989, was a minor residing with Domitilla Conde.

True Copy Attest
Office of Clerk of Superior Court
Counties of Providence & Bristol
Providence, Rhode Island

SUPERIOR COURT
FILED
HENRY S. KINCH JR., CLERK
2005 MAR 28

3) Each and every Defendant identified by name is a resident of the City and County of Providence Rhode Island;

4) At all material times, the Defendants, Ms. Marylou Mancini, Mr. Wayne Montague, and Ms. Cynthia A. Robles, were engaged by the City of Providence as agents or employees at the GILBERT STUART MIDDLE SCHOOL, located in the City and County of Providence.

5) On April 1, 2002, Billy was a thirteen (13) year-old student attending school at the Gilbert Stuart Middle School;

6) At all material times, the Defendants knew or should have known that Billy was a special needs student;

7) At all material times the Defendants knew or should have known that Billy had poor impulse control;

8) At all material times the Defendants knew or should have known that Billy had poor impulse control by virtue of Providence School Department Special Education Department psychological report bearing a May 1, 2000 evaluation date;

9) At all material times the Defendants knew or should have known Billy possessed a certain medical history which included a diagnosis for ADHD (Attention-Deficit Hyperactivity Disorder) and intermittent ability to take prescribed medication due to financial and medical coverage issues;

10) On April 1, 2002, the Defendants knew or should have know that the Defendant, Ms. Cynthia A. Robles, engaged in certain classroom discussions or was otherwise educating the class regarding body art or body piercing;

11) Ms. Cynthia A. Robles engaged in certain classroom discussions or was otherwise educating the class regarding body art or body piercing by wearing a "midriff" type of garment which prominently displayed her own body piercing;

12) Ms. Cynthia A. Robles engaged in certain classroom discussions or was otherwise educating the class regarding body art or body piercing by engaging in verbal exchange regarding body art or body piercing;

True Copy Attest:
Office of Clerk of Superior Court
Counties of Providence & Bristol
Providence, Rhode Island



W:\DOCS\#Clients\Molina, Billy\COMPLAINT-revised.doc

13) Ms. Cynthia A. Robles engaged in certain classroom discussions or was otherwise educating the class regarding body art or body piercing by engaging in verbal exchange regarding her own body art or body piercing;

14) On April 1, 2002, the Defendants knew or should have know that Billy was a participant of the class at the time Ms. Cynthia A. Robles was educating the class regarding body art or body piercing;

15) On April 1, 2002, Billy did rise from his seat in the rear of the class, walk over to Ms. Cynthia A. Robles, and through certain words and gestures, Ms. Cynthia A. Robles believed Billy attempted or was going to attempt to pull up her shirt;

16) On April 1, 2002, Billy did rise from his seat in the rear of the class, walk over to Ms. Cynthia A. Robles, and through certain words and gestures, Ms. Cynthia A. Robles believed Billy attempted or was going to attempt to further inspect her body art or body piercing by pulling up her shirt;

17) On April 1, 2002, Billy did not touch Ms. Cynthia A. Robles nor come into contact with any thing or article that was touching Ms. Cynthia A. Robles, nor cause an article or thing to come into contact with Ms. Cynthia A. Robles;

18) On April 1, 2002, Ms. Cynthia A. Robles, stating that Billy "walked over to where I was standing and tried to pull up my shirt," made a certain discipline referral for Billy.

19) On April 1, 2002, Ms. Cynthia A. Robles did make a certain discipline referral directing Billy to the Principal's office, or Vice-Principal's office, or Assistant Principal's office;

20) On April 1, 2002, Ms. Cynthia A. Robles did make a certain discipline referral directing Billy to Ms. Robinson, Mr. Mantel, Mr. Wayne Montague, and to the school counselor, Ms. Gonzalez;

21) To execute the discipline referral, Ms. Cynthia A. Robles did direct Billy to go to the Principal's office, or Vice-Principal's office, or Assistant Principal's office; (hereafter "the office");

22) Billy did go to the office without escort;

True Copy Attest
Office of Clerk of Superior Court
Counties of Providence & Bristol
Providence, Rhode Island



W:\DOCS\#Clients\Molina, Billy\COMPLAINT-revised.doc

23) Billy met with the Defendant, Mr. Wayne Montague in the main office;

24) At all material times while Billy met with the Defendant, Mr. Wayne Montague, until Billy contacted a certain door containing a glass window, there were people present to aid, assist, escort, or otherwise witness the parties actions and interactions until after Billy interacted with a certain door;

25) During their meeting, the Defendant, Mr. Wayne Montague did discipline Billy by directing him to go to a specially designated room out of the office;

26) Billy attempted to explain his actions to the Defendant, Mr. Wayne Montague;

27) By virtue of the Defendant's Mr. Wayne Montague actions or words, Billy felt that his attempts to explain his actions were against the Defendant's direct instructions;

28) While the Defendant, Mr. Wayne Montague, directed Billy to the designated room, Billy became mad and visibly and verbally upset, trying to explain his position;

29) In response, the Defendant, Mr. Wayne Montague, did then point his finger and say "Out! I don't want to hear it!"

30) Billy then exited the office, forcefully interacting with a certain door containing a glass window pane (hereafter "door");

31) The fashion and manner in which Billy interacted with the door was foreseeable;

32) Upon interacting with the certain door, Billy did sustain lacerations which included without limitation lacerations to his right wrist, right ulnar nerve, ulnar artery, and tendons to the index, middle, ring and small fingers, and median nerve; incurred medical expenses; and suffered extreme pain, suffering, scarring, and disfigurement, now and in the future;

True Copy Attest
Superior Court
Office of Clerks
Counties of Providence & Bristol
Providence, Rhode Island

33) At all material times, Billy's conduct was a manifestation of his condition(s) which the Defendants knew or should have known;

34) Billy's injuries were a direct and proximate result of the Defendant's negligence;

35) More specifically, and without limitation, Billy's injuries were a direct a proximate result of the Defendant's negligence as follows:

a) Negligent hiring, training and supervision of Ms. Cynthia A. Robles, Ms. Marylou Mancini, and/or Mr. Wayne Montague;

b) Direct negligence of Ms. Cynthia A. Robles, Ms. Marylou Mancini, and/or Mr. Wayne Montague for the manner in which they independently or in combination interacted with Billy;

c) Failure to implement proper preventative policies and procedures to protect special needs students such as Billy from their own behavior which is a foreseeable manifestations of their disability in advance of an injury;

d) Negligent failure to warn;

e) Negligent failure to otherwise protect Billy from the foreseeable harm presented by the door;

f) Negligent design or maintenance of the school premises;

g) Negligent use of the school premises, utilizing the above referenced office, requiring passage through the above referenced door, for discipline referrals;

h) Negligent failure to warn or otherwise guard against the dangerous condition presented by the glass panel in the above referenced door;

i) Failure to install, monitor, and/or maintain the above referenced door with adequate safety glass;

j) Negligent failure to otherwise implement adequate safety measures to protect Billy from harming himself upon a discipline referral, assuming without prejudice that discipline was appropriate;

k) Alternatively, negligence in responding to Billy's classroom conduct as a discipline referral in lieu of a manifestation of his condition(s);

True Copy Attest
Office of Clerk of Superior Court
Counties of Providence & Bristol
Providence, Rhode Island

**WHEREFORE**, the Plaintiff, BILLY MOLINA, by and through his parent and guardian and next of friend, DOMATILA CONDE, respectfully requests this Honorable Court award judgment in his favor, jointly and severally against the Defendants, for COMPENSATORY DAMAGES, in an amount sufficiently within this Honorable Court's jurisdiction, together with interest, costs, attorney fees, and all other relief that this court deem fair and just.

**COUNT II**
(Res Ipsa Loquitor)

36) Plaintiffs re-allege paragraphs one (1) through thirty-five (35), inclusive, as if set forth in full herein;

37) The Defendants were in full control of all instrumentalities which interacted with Billy on April 1, 2002;

38) The injuries sustained by Billy are the kind which ordinarily do not occur in school in the absence of negligence;

39) Plaintiff's conduct was beyond his ability to control the impulses induced by the Defendant's actions; thus Plaintiff's own actions played no role in contributing to his injuries;

40) As a direct and proximate result, the Plaintiff, Billy, sustained the aforementioned damages;

**WHEREFORE**, the Plaintiff, BILLY MOLINA, by and through his parent and guardian and next of friend, DOMATILA CONDE, respectfully requests this Honorable Court, award judgment in his favor, jointly and severally against the Defendants, for **COMPENSATORY DAMAGES**, in an amount sufficiently within this Honorable Court's jurisdiction, together with interest, costs, attorney fees, and all other relief that this court deem fair and just.

**COUNT III**

(R.I.G.L. §9-1-41(c))
(Loss of Child's Society and Companionship)

True Copy Attest
Clerk of Superior Court
Office of Providence & Bristol Counties of Providence Rhode Island

41) Plaintiff, DOMATILLA CONDE, re-allege paragraphs one (1) through forty (40) inclusive, as if set forth in full herein;

42) At all material times, DOMATILLA CONDE was the custodial parent of Billy;

43) At all material times, Billy was an unemancipate minor child;



W:\DOCS\#Clients\Molina, Billy\COMPLAINT-revised.doc

44) As a direct and proximate of the Defendant's actions, the Plaintiff, Domatilla Conde, did sustain a certain loss of her child's society and companionship which includes, without limitation, bouts of unhappiness, loss of Billy's aid and assistance with chores around the house, additional attention necessary to care for Billy's injuries, an increase in neediness and attention to assuage his pain and injuries and certain necessary medical expenses to treat Billy's injuries for which this Plaintiff is sartorially liable.

**WHEREFORE**, the Plaintiff, DOMATILA CONDE respectfully requests this Honorable Court, award judgment in her favor, jointly and severally against the Defendants, for **COMPENSATORY DAMAGES**, in an amount sufficiently within this Honorable Court's jurisdiction, together with interest, costs, attorney fees, and all other relief that this court deem fair and just.

**COUNT IV**

(Article I Section 2 Deprivation of Rights and
Article I Section 8 Deprivation of Rights under
the Rhode Island Constitution and Rights Guaranteed under the
Constitution of the United States)

45) The Plaintiffs re-allege paragraphs One (1) through Forty-four (44) and make said paragraphs incorporated by reference as if set forth in full herein.

46) At all times material to the Plaintiffs' Complaint, the Defendant(s) did act under color of law.

47) The Defendant(s) acted or failed to act intentionally or recklessly.

48) The Defendant(s) egregiously acted or failed to act.

49) As a direct and proximate result of the Defendant(s) intentional, or reckless or egregious conduct, the Plaintiffs did suffer great personal injury and mental and emotion suffering as hereinbefore alleged.

True Copy Attest
Office of Clerk Superior Court
Counties of Providence & Bristol
Providence, Rhode Island

50) As a direct and proximate result of the Defendant(s) action or inaction, the Plaintiffs were deprived rights as guaranteed by

Article I Section 2 and Article I Section 8 of the Constitution for the State of Rhode Island and Providence Plantations.

51) Through their action or inaction, the Defendant(s) have inflicted certain cruel and unusual punishment upon the Plaintiff in violation of his State and Federally protected rights.

52) Your Plaintiff further avers that he has been otherwise deprived of his rights as guaranteed him under the United States Constitution's Fifth Amendment right to be free from deprivation of life, liberty, or property, without due process of law; The Eighth Amendment right to be free from cruel and unusual punishment; The Fourteenth Amendment right which makes the Fifth Amendment and Eighth Amendment rights applicable against the State of Rhode Island and each specified person; And the rights provided in Article I Section 2 of the Rhode Island State Constitution against deprivation of life, liberty or property without due process of law, against denial of equal protection of the laws, and under Article I Section 8 of our State constitution against cruel punishments.

53) Your Plaintiff specifically reserves the right to amend his complaint as more detailed and specific facts are clarified through the discovery process.

WHEREFORE, your Plaintiffs pray that judgment be entered against your Defendants, individually and severally, jointly and collectively, in their individual capacity and as employees of the City of Providence and as agents, servants and employees of each other for **COMPENSATIORY** and **PUNITIVE DAMAGES** in a sum sufficient to grant jurisdiction to this Court. Your Plaintiffs further pray for an award of interest, costs and reasonable attorneys fees.

True Copy Attest

Office of Clerk of Superior Court
Counties of Providence & Bristol
Providence, Rhode Island

Plaintiffs,
By Counsel,

Joseph-Anthony DiMaio, Esq.
McKinnon & Harwood
1168 Newport Avenue
Pawtucket RI 02886
(401) 723-9655

Date: 3/2/05



W:\DOCS\Clients\Molina, Billy\COMPLAINT-revised.doc

# STATE OF RHODE ISLAND SUPERIOR COURT

## CIVIL CASE COVER SHEET

Case * (Filled in by Clerk's Office) 05-1036

his form must be filed with each original document that comences a civil proceeding in the Clerk's Office (R.P.3.11). If the case is a strict Court appeal. The form must be filed with the appeal in the District Court and will be transferred with other documents to the uperior Court.

| LAINTIFFS: | DEFENDANTS: |
|---|---|
| DOMITILLA CONDE, Individually and as parent, guardian, and next of friend for BILLY MOLINA a Minor | CITY OF PROVIDENCE and alias John Doe, City Treasurer Stephen T. Napolitano, Ms. Marylou Mancini, Mr. Wayne Montaque, Ms. Cynthia A. Robles |

ATURE OF PROCEEDING—Check the applicable case type under main categories listed below. (check one only)

strict Court Appeal ☐ Yes (check type below)

| | | |
|---|---|---|
| AGA Agency appeal | ☐ DPC Denial of probate claim | ☐ PRN Promissory note |
| ALA Alienation of affection | ☐ EXT Excessive tax | ☐ PDM Property damage |
| ANT Anti-trust | ☐ INR Injunctive relief | ☐ PDV Property damage / vehicle |
| ASB Assault and battery | ☐ IPL Interpleader | ☐ RLP Real property |
| BKA Book account | ☐ LIB Libel/slander | ☐ RIC Reinstate charter |
| CLA Common law assignment | ☐ MLE Malpractice/legal | ☐ DIN Recovery of damages/insurance |
| CLL Common law lien | ☐ MME Malpractice/medical | ☐ ROF Recovery of funds |
| CON Contract | ☐ MOT Malpractice/other | ☐ WOR Replevin, writ of |
| CNV Conversion | ☐ WOM Mandamus. Writ of | ☐ SPP Specific performance |
| CRC Criminal conversation | ☐ PRT Partition | ☐ TCO Title clearing (other than tax title) |
| CIC Criminal inj. compensation | ☑ PER Personal injury | ☐ TAE Trespass and ejectment |
| DOJ Debt on judgment | ☐ IDV Personal inj./property dam-vehicle | ☐ TRA Trustee/accounting |
| DTP Deceptive trade practice | ☐ PIV Personal injury-vehicle | ☐ TCT Trustee/appt convey title |
| DEJ Declaratory judgment | ☐ PRL Product liabilty | ☐ UNM Uninsured motorist |
| | | ☐ WRD Wrongful death |

Other than above (specify type):

12748

### MISCELLANEOUS PETITIONS

| | | |
|---|---|---|
| ARA Arbitration award | ☐ TLF Foreclosure / tax lien | ☐ PFI Petition for immunity |
| CAR Arbitration /confirm | ☐ FOC Forfeiture of charter | ☐ PIN Pet for inventory (wire tap) |
| RTA Arbitration referral | ☐ GJI Grand jury investigation | ☐ PFR Petition for review |
| VAR Arbitration / vacate | ☐ HAC Habeas corpus | ☐ PTD Pet to take deposition |
| AOD Assessment of damages | ☐ MAW Material witness | ☐ PCR Post conviction relief |
| CND Condemnation | ☐ MEL Mechanics lien | ☐ REC Receivership |
| CFC Confirm compromise | ☐ OSW Out of state witness | ☐ R5A Rule 5A petition |
| DOC Dissolution of corp. | ☐ PFS Perform surgery | ☐ TCL Title clearing (tax title) |
| EDP End partnership | ☐ PFC Petition for constable | ☐ AOT Trustee / appointment of |
| FRR Forclosure of right redemption | ☐ ETE Petition to expunge | ☐ DOT Trustee / declination of |
| | | ☐ AOS Trustee successor |

Other than above (specify type):

True Copy Attest
Office of Clerk of Superior Court
Counties of Providence & Bristol
Providence, Rhode Island

### PROBATE APPEALS

☐ WIL Will ☐ TRS Trust ☐ GRD Guardianship ☐ NAC Name change

Other than above (specify type):

SUPERIOR COURT
FILED
HENRY S. KINCH JR., CLERK
2005 MAR -2 A 9:21

his a case that may require a trial for resolution? ☐ Yes ☐ No If yes: ☐ Jury or ☐ Non-jury

orney name ) (Date) 2/28/05

Joseph-Anthony DiMaio, Esq.
McKinnon & Harwood
1168 Newport Ave.,
Pawtucket, RI 02886